10

AUSA: Jeanine Brunson Telephone: (313) 226-9597
AO 91 (Rev. 11/11) Criminal Complaint Special Agent: Sherri Reynolds (ATF) Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.

Jeffrey DAVIS

Case:2:19-mj-30360
Judge: Unassigned,
Filed: 07-03-2019 At 09:45 AM
USA v. JEFFREY DAVIS (CMP)(MLW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 1, 2019 in the county of Wayne County in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| Title 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| Title 18 U.S.C. § 924(c)(1)(a) | Possession of a firearm in furtherance of drug trafficking |
| Title 18 U.S.C. § 924(c)(1)(B)(ii) | Possession of a machine gun in furtherance of drug trafficking |
| Title 21 U.S.C. § 841(a)(1) | Possession with intent to distribute heroin |
| Title 21 U.S.C. § 841(a)(1) | Possession with intent to distribute cocaine base |
| Title 18 U.S.C. § 922(o) | Possession of a machine gun |
| Title 26 U.S.C. § 5681(d) | Possession of a firearm not registered in National Firearms Registration and Transfer Record |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Sherri Reynolds, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 3, 2019

*Judge's signature*

City and state: Detroit, Michigan

Hon. Anthony Patti, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Sherri Reynolds, being duly sworn, do hereby state the following:

## I. INTRODUCTION

1. I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) United States Department of Justice, and have been so employed since December of 2009. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2. During the course of my employment with ATF, I have investigated criminal violations relating to firearms, explosives, arson, violent crime, criminal street gangs and narcotics. I have participated in all aspects of criminal investigations, including, but not limited to, interviews, physical surveillance, and the execution of search warrants. I have personally investigated and/or assisted other

agents and officers in their investigations involving violations of Title 18, United States Code, Section 924(c), use and/or possession of a firearm during and in furtherance of a narcotics trafficking crime; Title 21, United States Code, Section 841(a)(1), the manufacture of, distribution of and possession with intent to distribute controlled substances; and Title 21, United States Code, Section 846, conspiracy to commit the foregoing. Specifically, those investigations have focused on the distribution of methamphetamine, marijuana, heroin, cocaine and other narcotics. I am familiar with, and have participated in, conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, the use of GPS/E-911 data, questioning of witnesses, search warrants, confidential informants, and pen registers and trap and trace devices. I have also participated in multiple T-III investigations as a case agent, a monitor and as a member of the surveillance team.

3. During the course of my employment with the ATF, I have had the opportunity to converse with admitted and known narcotics traffickers as to their methods, and those of their associates, regarding the manufacture, importation, transportation, distribution and sales of controlled substances, as well as their methods used to conceal, transport, and launder cash and/or other types of drug proceeds. I have become knowledgeable in the methods used by narcotics traffickers to import, conceal, transport, distribute, manufacture, and sell controlled substances,

as well as the methods used to conceal, transport, and launder cash and/or other types of drug proceeds. Through prior investigations and training, I have become familiar with the types and amounts of profits made by drug dealers, and the methods, language, and terms used by persons dealing illegal substances. I am aware narcotics traffickers often communicate with their narcotics trafficking associates through the use of cellular telephones and hard line telephones. In addition, I am aware narcotics traffickers frequently use multiple cellular telephones and hard line telephones. I am aware narcotics traffickers frequently change telephone numbers and cellular telephones. I know from my training and experience, narcotics traffickers often use fictitious names and identification for the purpose of subscribing to cellular telephones and hardline telephones. I also know narcotics traffickers put communications devices in the names of associates and/or relatives. The use of these fictitious names and identification or placing communication devices in the names of associates or relatives is designed to impede law enforcement investigations into the true subscriber and/or user of such communication devices.

4. The statements contained in this affidavit are based on my personal observations during the investigation, conversations with other law enforcement officers, a review of relevant police reports and my involvement in this investigation. This affidavit also includes information provided to me by and/or through other law enforcement agents, investigators and individuals with

knowledge of this matter, my investigation, and the review of documents. This affidavit summarizes such information but does not provide each and every detail I know regarding this investigation; rather it provides information necessary to establish probable cause that Jeffery DAVIS violated Title 18 U.S.C. § 922 (g)(1)- felon in possession of a firearm, Title 18 U.S.C. § 924(c)(1)(a)- possession of a firearm in furtherance of drug trafficking, Title 18 U.S.C. § 924 (c)(1)(B)(ii)- possession of a machine gun in furtherance of drug trafficking, Title 21 U.S.C. § 841 (a)(1)- distribution of heroin, Title 21 U.S.C. § 841 (a)(1)- distribution of crack-cocaine, Title 18 U.S.C. § 922(o)- possession of a machine gun and 26 U.S.C. § 5681(d)- possession of a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

## II. PROBABLE CAUSE

5. On July 1, 2019, ATF and officers from the Detroit Police Department conducted a search warrant at 11xxx Grayton Street, Detroit, MI. Based on surveillance and a review GPS/E-911 data, agents are aware that this is the primary residence used by Jeffery DAVIS (hereinafter "DAVIS") and his girlfriend, Shenica ELLIS (hereinafter "ELLIS"). Both of which were present during the search warrant.

6. During the search of the residence, agents and officers located the following items of evidence (all of the firearms were located in the upstairs

bedroom of DAVIS and ELLIS with the exception of the SWD. The SWD was found in the southwest bedroom on the first floor):

- Springfield, model XD, .40 caliber pistol bearing the S/N:US385609
- Ruger, model P89DC , 9 mm caliber pistol bearing the S/N:305-94837
- Kimber, model Ultra Crimson Carry II, .45 caliber pistol bearing the S/N:KU148830
- Israel Weapon Industries, model Desert Eagle, .50 caliber pistol bearing the S/N: 37205503
- SWD, model M-11, 9mm caliber pistol bearing the S/N:89-0033591
- Romarm, imported by CAI- Georgia VT, GP WASR-10/63, 7.62 caliber rifle bearing the S/N:GA-1253-72
- Masterpiece Arms, 5.7 x28 mm caliber pistol, bearing the S/N:V7525
- Diamondback Firearms LLC, model DB-15, 5.56 caliber rifle bearing the S/N: DB1501360
- Military Armament Corp, model Ingram M10, .45 caliber pistol bearing S/N:007596
- S/S Inc, model SS, 12 gauge caliber shotgun, bearing S/N:15084
- Glock conversion device
- Approximately 107 grams of suspected heroin
- Approximately 25 grams of suspected crack-cocaine

- Numerous rounds of various calibers of ammunition
- Approximately $10,000.00 in currency (count to be finalized by the bank).
- Numerous cellular telephones
- Tax documents showing Jeffery DAVIS and Shenica ELLIS pay taxes on 11xxx Grayton Street, Detroit, MI.

7. Agents provided ELLIS her Miranda rights, which she waived and agreed to provide a statement. ELLIS stated she and her boyfriend, DAVIS, reside in 11xxx Grayton Street, Detroit, MI. ELLIS stated they share the upstairs bedroom together. ELLIS stated the firearms in the bedroom, belonged to DAVIS, but she did help him hide one when law enforcement made entry into the residence to execute the search warrant. ELLIS stated her boyfriend was in transportation and "hustled." ELLIS interpreted "hustled" to be "selling drugs." ELLIS stated the currency in the residence belonged to DAVIS. ELLIS stated she has seen crack-cocaine in the guest room on the first floor once, but did not know where any narcotics were currently located. ELLIS stated DAVIS always has a firearm on his person.

8. Agents provided DAVIS his Miranda rights, which he waived and agreed to provide a statement. DAVIS stated he returned from West Virginia last night and hid the heroin and crack-cocaine in the kitchen in the cereal box and ice

cream cone box. DAVIS stated he obtained the heroin and crack-cocaine in West Virginia and planned on distributing it in Detroit, MI. DAVIS stated he believed the crack-cocaine was approximately 14 grams and the heroin was approximately 119 grams. DAVIS stated that he frequently travels to West Virginia to distribute heroin and crack-cocaine and he makes approximately $3,000 - $4,000 per week selling.

9. DAVIS indicated all of the firearms in the residence belonged to him and explained he is a "gun collector". DAVIS later stated he keeps the firearms for protection in case he is "robbed" of the narcotics and money he stores inside of his home. A subsequent query of the firearms through law enforcement databases showed two of the firearms seized were reported as stolen.

10. ATF Special Agent Eric Miller and ATF Special Agent Mark Jackson conducted a function check on Military Armament Corp, model Ingram M10, .45 caliber pistol bearing S/N:007596 and found the firearm preliminarily functions as a fully automatic machine gun. Additionally, the Glock conversion device is classified as a device that is created for the sole purpose of converting a semi-automatic Glock pistol into a fully automatic machine gun. Therefore, ATF considers the Glock conversion device as a post May 19, 1986, machine gun. Thus possession of this device is in violation of the National Firearms Registration and Transfer Record. On July 2, 2019, Special Agent Eric Miller requested a query of

the National Firearms Registration and Transfer Record database and found that Jeffery DAVIS has no firearms registered to him.

11. A review of the court documents for Jeffery DAVIS, who used the alias "James Williams", showed he has a felony conviction by 16th circuit court in 2004 for delivery/manufacturing cocaine and/or heroin between 450 grams- 999 grams. Jeffery DAVIS also has a 2007 felony conviction by 37th Circuit Court for delivery/manufacturing cocaine and/or heroin between Creek 50 grams-449 grams.

12. On July 2, 2019, Special Agent Josh Mclean advised me, based on a physical examination of the firearms, that the aforementioned firearms described above were manufactured outside the state of Michigan and therefore had traveled through interstate and/or foreign commerce.

## III. CONLUSION

13. Based upon the above information, probable cause exists to believe Jeffery DAVIS was in possession of the above described firearms and machine guns. Further, probable cause exists to believe that Jeffrey Davis possessed with the intent to distribute heroin and crack cocaine, all in violation of Title 18 U.S.C. §§ 922(g)(1), § 922(o), § 924(c)(1)(a), § 924 (c)(1)(B)(ii); Title 21 U.S.C. § 841 (a)(1); and, Title 26 U.S.C. § 5681(d).

Sherri Reynolds
Special Agent, ATF

Sworn to and subscribed to me in my presence,
this 3rd day of July, 2019

ANTHONY PATTI
UNITED STATES MAGISTRATE JUDGE