UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>**JEFFERY DAVIS D-1,**<br><br>Defendant/Petitioner. | **2:19-CR-20480-TGB-MKM**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER**<br>**DENYING DEFENDANT'S MOTIONS TO APPOINT COUNSEL**<br>**(ECF NOS. 157, 186),**<br><br>**DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br>**(ECF NO. 160),**<br><br>**DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND 28 U.S.C. § 2255 MOTION**<br>**(ECF NO. 171),**<br><br>**AND DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**<br>**(ECF NO. 184)** |

Defendant/Petitioner Jeffery Davis pled guilty to two separate counts of possession of a controlled substance with intent to distribute, along with three additional counts: possession of a firearm in furtherance of a drug trafficking crime, felon in possession of a firearm, and conspiracy to possess with the intent to distribute controlled substances.

The then-presiding judge, the Honorable Bernard A. Friedman, sentenced Davis to 300 months in custody, which was within the guideline range of 262–327 months, and to 10 years of supervised release. Davis filed a notice of appeal following sentencing, but then voluntarily withdrew his appeal after meeting with his attorney. Davis then filed a series of motions, including two motions to appoint counsel, a motion to vacate his sentence under 28 U.S.C. § 2255, a motion for leave to amend his §2255 motion, and a motion to reduce his sentence. The Government has responded in opposition to the §2255 motions and the motion to reduce sentence.

For the reasons set forth below, Davis's motions will be **DENIED**

## I. BACKGROUND

### A. History of the Case

Jeffery "Pops" Davis was the leader of the "Tuffteam" drug trafficking organization. Second Superseding Indictment, ECF No. 26, PageID.160–61. On December 3, 2019, he and three other defendants were indicted on conspiracy to distribute and to possess with the intent to distribute controlled substances. *Id.* PageID.160–62. The conspiracy began in or around December, 2018 and continued until about September, 2019. *Id.* Tuffteam members peddled heroin, heroin mixed with fentanyl, cocaine base, and marijuana. *Id.* Davis's drug trafficking organization operated in Detroit, Michigan; Morgantown, West Virginia; and Bridgeport, West Virginia. *Id.* As part of the conspiracy, Davis

2

recruited three young men, and other persons, to help him acquire and sell narcotics in two states. *Id.* Rental cars were often used to transport Tuffteam members, their controlled substances, money, and firearms. *Id.*

On July 1, 2019, a search warrant was executed at Davis's home in Detroit. Complaint, ECF No. 1, PageID.12. Law enforcement officers recovered approximately 107 grams of heroin; 25 grams of cocaine base; a digital scale; 10 firearms—including a machine gun and machine gun switch; extended magazines; a rifle scope; numerous rounds of ammunition; and $16,620 in cash. *Id.* PageID.12–14. All of the evidence was found upstairs in Davis's bedroom or attic, with the exception of the Cobray, 9mm handgun, which was found in a bedroom on the first floor. *Id.* Eight of the ten firearms—including the machine gun—were loaded. The police also found burner phones commonly used by drug dealers, as well as proof of residency. *Id.* Davis's significant other was present when the search warrant was executed. *Id.* PageID.14. She admitted, after she was provided *Miranda* rights, that she helped Davis try to hide one of the guns as the police were making entry into their home. *Id.*

In addition to a conspiracy count in Count Seven, Davis was charged in the second superseding indictment with possession with intent to distribute controlled substances (heroin and cocaine) in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); possession of a machine gun in furtherance of a

drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four); possession of a firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d) (Count Five); and, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Six).

Davis entered guilty pleas to Counts One, Two, Three, Six, and Seven pursuant to a Rule 11 Agreement. Rule 11 Agreement, ECF No. 132, PageID.849–50. The plea agreement contained an appeal waiver. *Id.* PageID.862.

On July 19, 2023, the Court accepted Davis's Rule 11 plea agreement and sentenced Davis to 300 months in federal prison—180 months on Counts One, Two, and Seven, to run concurrently; 120 months on Count Six, to run concurrently; and 120 months on Count Three, to be served consecutively—followed by 10 years of supervised release on Counts One, Two and Seven, and 3 years of supervised release on Counts Three and Six, to run concurrently. Judgment, ECF No. 145.

Davis filed a timely notice of appeal on July 31, 2023. Notice of Appeal, ECF No. 147. Davis then voluntarily withdrew his appeal on December 26, 2023. ECF No. 155; *United States v. Smith*, No. 23-1688, Doc. 21: Motion for Entry of Stipulated Order of Dismissal.

### B. Davis's Motions

On July 18, 2024, Davis filed a motion for appointment of counsel and a motion to vacate sentence under 28 U.S.C. § 2255. ECF Nos. 157,

160.[1] Davis asserts in his motion for appointment of counsel that he is "indigent and unable to retain counsel," that he "is not law literate," and that counsel should be appointed to him "in the interest of justice … to assist him in the appeal he wish[es] to file." ECF No. 157. Davis contends in his § 2255 motion to vacate sentence that his attorney, Andrew Stacer, failed to visit him following his sentencing and failed to file an appeal on his behalf. ECF No. 160.

The Government first filed a motion requesting the Court to find a waiver of the attorney-client privilege, directing Davis's trial counsel to provide information, and if necessary, testimony related to Davis's ineffective assistance of counsel claim. ECF No. 164. The Court granted that motion on August 24, 2024, ECF No. 165, and ordered the Government to respond to Davis's § 2255 motion by April 14, 2025.

The Government filed a response in opposition to Davis's motion to vacate on March 11, 2025, arguing that, contrary to Davis's assertions in his motion, Davis did file a notice of appeal on July 31, 2023 and that his attorney, Andrew Stacer, entered an appearance in that appeal and then met with Davis for several hours on December 22, 2203, after which

---

[1] That same day, Davis also filed a second notice of appeal, stating "Please take notice that Defendant Davis Wish to appeal the above style matter." ECF No. 158. On August 30, 2024, the Sixth Circuit dismissed the appeal for lack of jurisdiction because it was untimely and there was no basis to extend or reopen the time to file a notice of appeal. ECF Nos. 166, 167.

Davis elected to submit a stipulated order of dismissal. ECF No. 168, PageID.1135–36.

Approximately one month after the Government's response to his § 2255 motion, Davis filed a motion for leave to amend his motion to vacate sentence under 28 U.S.C. § 2255. ECF No. 171. Davis seeks to raise three new grounds for relief: (1) that his 10-year sentence on Count Three was improper and in violation of *Alleyne v. United States*, 570 U.S. 99 (2013);[2] (2) that attorney Stacer failed to object to this 10-year term and failed to raise the issue on appeal; and (3) that his 10-year sentence under 18 U.S.C. § 924(c)(1)(A) is unconstitutional. *Id.*

The Government filed a response opposing Davis's motion for leave to amend. ECF No. 182. The Government argues that Davis's motion is untimely—filed nearly two years after he was sentenced—and that the new claims do not relate back to his original § 2255 motion, but are instead based on different operative facts. The Government further contends that Davis's claims are futile in any event.

Finally, on January 8, 2026, Davis filed a motion for sentence reduction, ECF No. 184, and another motion for appointment of counsel. ECF No. 186. Davis claims that his criminal history category should be reduced from VI to III under the Sentencing Guidelines Amendment 821,

---

[2]    In *Alleyne*, the Supreme Court held that facts which increase the mandatory minimum sentence are an "element" of a crime, not a "sentencing factor," and must be submitted to the jury and found beyond a reasonable doubt. 570 U.S. at 108.

and that he should have received two leadership points, not four, because his criminal activity involved less than five participants. *Id.*

The Government responds that Davis is not eligible for a reduction under Amendment 821 because he did not receive any "status points" and because he is a career offender, with automatic placement into criminal history category VI. ECF No. 187. The Government further argues that Davis's leadership role was properly scored because he was involved in criminal activity that involved five or more participants and it was extensive. *Id.*

## II.    LEGAL STANDARDS

### A. Motions to Vacate Sentence Under 28 U.S.C. § 2255

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. *Id.*

The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th

Cir. 2018) (citation modified) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346. Generally, a motion brought under § 2255 must allege "one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### B. Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). But that rule comes with a few exceptions, one of which arises when a defendant was sentenced to prison "based on a sentencing [guideline] range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When that occurs, the Court may order a reduction of the prison sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission's policy statement on this subject is found at USSG § 1B1.10, and it references the statute's authorization of sentence reductions based on retroactive changes to the Sentencing Guideline Manual.

Section 3582(c) thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with the Amendment. Then it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010). The defendant has the burden of establishing eligibility for a sentence reduction. *United States v. Benson*, 770 F. Supp. 3d 1070, 1072 (E.D. Mich. 2025) (Cleland, J.) (citing *United States v. Petaway*, No. 16-3592, 2017 WL 6003432, at *1 (6th Cir. May 22, 2017)).

## III.   DISCUSSION

### A. Motions to Appoint Counsel (ECF Nos. 157, 186)

Davis has filed two motions for appointment of counsel: one when his filed his motion to vacate under 28 U.S.C. § 2255, at ECF No. 157, and a second when he filed his motion to reduce sentence, at ECF No. 186. He asserts in his first motion only that he "is indigent and unable to retain counsel" and that he is "is not law literate." ECF No. 157. He asserts in his second motion that he has had only restricted access to the law library, law clerks, computers, and phones, and that he is "grossly inhibited from being able to work on his  § 2255 Motion." ECF No. 186.

Those seeking habeas relief have "no absolute right to be represented by counsel...." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (Taylor, J.). Pursuant to 28 U.S.C. § 2255, appointment of counsel for a § 2255 petition is governed by 18 U.S.C.

§ 3006A. Section 3006A, in turn, requires district courts to establish a plan that furnishes counsel to § 2255 movants if they are financially eligible and "the court determines that the interests of justice so require...." 18 U.S.C. § 3006A(a)(2). In other words, the court has discretion to appoint counsel and must do so only in the interest of justice or where due process requires. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (Rosen, J.). In exceptional cases, the appointment may be justified if the movant "has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Lemeshko*, 325 F. Supp. 2d. at 788. Other relevant factors include the complexity of the case and the movant's ability to present his or her claims. *See Sellers*, 316 F. Supp. 2d at 522. "[G]enerally, a motion to vacate a sentence under § 2255 does not warrant appointed counsel because it does not involve complex facts or legal doctrines that would prevent defendants from effectively bringing the motion on their own behalf." *United States v. Barker*, 652 F. Supp. 3d 865, 871 (E.D. Mich. 2023) (Ludington, J.).

In this case, Davis's § 2255 motion, motion for leave to amend, and his motion to reduce sentence demonstrate that he has the ability to clearly state and present his claims; he asserts his trial counsel was ineffective in specific respects and cites to statutory standards and caselaw in support of his motions. Further, the Court does not find any of the factual or legal issues presented to be overly complex, and Davis

has not articulated any other exceptional circumstances which would justify appointing counsel. And, as discussed below, there are no material factual disputes the would require an evidentiary hearing in this matter, and no colorable claims on which Davis has a reasonable chance of prevailing. *See United States v. Conner*, No. 15-CR-20710, 2019 WL 3958405, at \*3 (E.D. Mich. Aug. 22, 2019) (Steeh, J.) ("Because there is no merit to Petitioner's § 2255 petition, his request for appointment of counsel shall be denied."); *Holland v. United States*, No. 2:10-CV-221, 2019 WL 3518786, at \*8 (E.D. Tenn. Aug. 1, 2019) (noting that "[b]ecause Petitioner's § 2255 motion ... does not entitle him to collateral relief, and will be denied, his motion for appointment of counsel ... will be denied").

Accordingly, Davis's motions to appoint counsel, ECF Nos. 157 and 186, will be **DENIED**.

### B. Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255 (ECF No. 160)

Davis filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting that his attorney, Andrew Stacer, (1) failed to visit him following his sentencing, and (2) failed to file an appeal on Davis's behalf. ECF No. 160.

Because Davis was asserting a claim for ineffective assistance of counsel, the Government first filed a motion requesting the Court to find a waiver of the attorney-client privilege, directing Davis's trial counsel to provide information, and if necessary, testimony related to Davis's

11

ineffective assistance claim. ECF No. 164. The Court granted that motion on August 22, 2024, and ordered that, unless Davis withdraws his ineffective assistance of counsel claim within 45 days of the Order, the Court will consider Davis to have waived the attorney-client privilege to the extent necessary to litigate his claim. ECF No. 165. Davis did not withdraw his claim.

On March 11, 2025, the Government filed a response to Davis's § 2255 motion, arguing that the motion should be dismissed for making false allegations. ECF No. 168. The Government states that, contrary to Davis's claim, he did file an appeal in this matter 12 days after sentencing. *See* ECF No. 147. His attorney, Andrew Stacer, filed a notice of appearance in the Sixth Circuit about two weeks later. *United States v. Davis*, Case No. 23-1688, Doc. 9 (6th Cir. Aug. 15, 2023). Because Davis complained about his sentencing, the transcript for that proceeding was ordered and produced on November 16, 2023. *Id.* Doc. 19. Stacer then met with Davis in person for approximately two hours to discuss the sentencing transcript and the contents of Davis's Rule 11 Agreement. After that meeting, Davis "expressly elect[ed] to withdraw the appeal," personally signing the Stipulated Order of Dismissal. *Id.* Doc. 22-1, 22-2.

The Court finds that Davis's claim that his attorney was ineffective in pursuing an appeal is without merit. Davis's attorney filed an appearance with the Sixth Circuit Court of Appeals weeks after Davis was sentenced and filed his appeal, the attorney ordered and reviewed

the sentencing transcript, he met with Davis in person for several hours to discuss Davis's Rule 11 Plea Agreement and sentencing concerns, and then filed a motion, at Davis's request, to withdraw the appeal. The Court finds that a hearing on this motion is unnecessary because the record conclusively shows that Davis is not entitled to relief and there are no facts in dispute. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"); *United States v. Fabode*, No. 18-20351, 2025 WL 1691202, at *7 (E.D. Mich. June 16, 2025) (Edmunds, J.) (finding that "an evidentiary hearing would not be helpful in this case" because a "Defendant's allegations are mostly contradicted by the record or conclusory").

Accordingly, the record does not support Davis's claim of ineffective assistance of counsel, and his motion to vacate sentence under 28 U.S.C. § 2255, ECF No. 160, therefore will be **DENIED**.

### C. Motion for Leave to Amend Motion to Vacate (ECF No. 171)

On April 18, 2025, about a month after the Government filed its response to Davis's § 2255 motion, Davis filed a Motion for Leave to Amend his 28 U.S.C. § 2255 Motion. ECF No. 171. In that motion, Davis seeks to raise three new grounds for relief: (1) that his counsel was ineffective for failing to object to Davis's 10-year sentence on Count Three

as a violation of *Alleyne v. United States*, 570 U.S. 99 (2013); (2) that his counsel was ineffective for failing to raise this issue on appeal; and (3) that his 10-year sentence under 18 U.S.C. § 924(c)(1)(A) in Count Three is unconstitutional. *Id.*

The Government filed a response stating that that Davis's motion to amend should be denied because it was filed nearly two years after Davis was sentenced in July 2023, and therefore is untimely. ECF No. 182. The Government further argues that the claims asserted in Davis's motion to amend do not relate back to Davis's first § 2255 motion, and that Davis raises frivolous claims. *Id.*

As the Government correctly explains, a § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Motions to amend § 2255 petitions are evaluated under Rule 15 of the Federal Rules of Civil Procedure. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). "[A] party may amend its pleading only with the opposing party's written consent or with leave of court. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (citation modified). A party cannot amend a pleading to add an entirely new claim after the statute of limitations has run, but it may add claims that relate back to a timely-filed pleading. *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016). A motion to amend a § 2255 petition "relates back" if it possesses the same common core of operative facts as the initial petition. *Id.* (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005)); Fed. R. Civ. P. 15(c)(1)(B).

14

Consequently, a Rule 15 motion will be denied where it is filed after the statutory one-year limitations period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c).

As discussed *supra*, Davis timely filed a § 2255 motion to vacate his sentence on July 18, 2024, alleging that his trial attorney (1) failed to visit him following sentencing, and (2) failed to discuss or file an appeal. ECF No. 160. Davis's motion for leave to amend, filed nearly two years after his sentencing, does not comply with the one-year statute of limitations. Further, Davis's three new claims—related to attorney Stacer's alleged failure to argue that Davis's sentence on Count III was unconstitutional and in violation of *Alleyne*—do not relate back to his original § 2255 motion complaining only that Stacer failed to visit Davis following his sentence and failed to discuss or file an appeal. As discussed above, Stacer did enter an appearance for Davis on appeal and represented him in that proceeding until Davis submitted his stipulated order of dismissal of that appeal.

To relate back to a timely filed § 2255 motion, it is not sufficient that the amendment to a § 2255 motion "simply ... relate to the same trial, conviction, or sentence as a timely filed claim." *Mayle*, 545 U.S. at 662 (explaining that the AEDPA's "limitation period would have slim significance" if claims "asserted after the one-year period could be revived simply because they related to the same trial, conviction, or sentence as

15

a timely filed claim."). Consequently, claims which "assert[ ] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not relate back. *Id.* at 648. Courts in this district have found that a claim does not relate back merely "because both claims relate to the alleged 'ineffectiveness' of ... counsel." *Hestle v. United States*, No. 05-40245, 2013 WL 1147712, at *11 (E.D. Mich. Mar. 19, 2013) (Cox, J.). On the contrary, "it is the underlying facts that matter for the purposes of relating back, not the nature of the legal claims advanced." *Id.* Stated differently, "[a]mendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted." *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *3 (E.D. Mich. Sept. 30, 2015) (Rosen, J.).

Here, Davis seeks to amend his § 2255 motion to assert claims that his counsel failed to argue that Davis's sentence on Count III of his conviction was unconstitutional and in violation of *Alleyne*. Davis's initial § 2255 motion does not raise any issues with regard to his sentence on Count Three of his conviction; claiming instead only that his counsel failed to visit him immediately following his sentencing and that his counsel failed to discuss an appeal. Accordingly, Davis's motion for leave to amend will be **DENIED** because it does not properly relate back to his timely filed § 2255 motion. *See Clark*, 637 F. App'x at 209 ("The issue of whether the drug amounts were correctly determined at Clark's sentencing [as stated in his proposed amended § 2255 motion] is

16

unrelated to the issue of whether his appellate counsel was ineffective for not citing authority regarding the career offender enhancement raised in the initial § 2255 motion."); *Hestle*, 2013 WL 1147712, at *11 (finding no relation back when defendant's timely § 2255 claims "deals with the alleged 'ineffectiveness' of [his] counsel in failing to call his brother as a witness, while the new claim that he advances involves his counsel's alleged 'ineffectiveness' in failing to inform him that his brother pleaded guilty"); *Richardson v. United States*, Nos. 2:11-CV-00479, 2:06-CR-100(3), 2013 WL 12357490, at *3 (S.D. Ohio Apr. 4, 2013) (finding no relation back when petitioner's "timely claim involves his attorney's alleged failure to advise him of the strength of the government's case against him and that his wife would testify against him" but his "proposed new claims involve his attorney's alleged mischaracterization of the plea offer as including a calculated criminal history category of II and counsel's alleged miscalculation of that criminal history category, his counsel's alleged mischaracterization of the second plea offer as conditioned on Petitioner's testimony against Fenderson, and on counsel's alleged failure to advise the government that Petitioner had expressed a willingness to plead guilty to a sentence that involved more than five years").

As discussed *supra*, Andrew Stacer, Davis's counsel, entered an appearance in Davis's appeal, and Davis's sentencing transcript was ordered by the Court of Appeals and produced on November 16, 2023.

*United States v. Davis*, No. 23-1688, Docs. 9, 19, 21 (6th Cir.); ECF No. 154. The transcript was forwarded to Davis for his review, and then Stacer met with Davis in person for approximately two hours to discuss the sentencing transcript and Davis's Rule 11 Plea Agreement. *United States v. Davis*, No. 23-1688, Doc. 22-1 (6th Cir.). Davis was charged in Count Three under 18 U.S.C. § 924(c)(1)(A) and he acknowledged that this offense carries a penalty of "[n]ot less than five years consecutive to any other sentence imposed and up to LIFE." Davis Acknowledgment of Second Superseding Indictment, ECF No. 43. The Court (Judge Friedman) explained its reasoning for Davis's sentence, including his sentence on Count Three, ECF No. 154, PageID.1069–71, and Stacer clarified during that sentencing hearing that the Court imposed a 10-year sentence on Count Three rather than the mandatory minimum sentence of 60 months, stating "Your Honor, just for clarification regarding Count Three, which does have the mandatory five years consecutive, which would be a 60-month, you are, in fact, imposing the 120?" *Id.* PageID.1072–73. The Court responded "Yes, correct." *Id.* Following Davis's review of the sentencing transcript and his meeting with Stacer, Davis "expressly elect[ed] to withdraw the appeal," and personally signed a Stipulated Order of Dismissal, dated December 22, 2023. *United States v. Davis*, No. 23-1688, Doc. 22 (6th Cir.). Thus, Davis could have pursued an appeal based on his sentence but elected to dismiss that appeal following his discussions with his attorney.

The Government further argues that Davis's complaint about his 120-month sentence on Count Three is not viable. The Government asserts that Davis's 10-year sentence on the § 924(c) count is not implicated by *Alleyne* because the sentence did not change the statutory minimum or maximum. ECF No. 182, PageID.1184–85. As Davis acknowledged, Count III carried a sentence of not less than 5 five years up to LIFE, and thus the Court properly exercised its broad sentencing discretion when it elected to exceed the mandatory minimum and imposed a sentenced on this Count of 10 years, which is within the range prescribed by the statute. *See United States v. Kilpatrick*, Nos. 15-2012-cr, 15-3144-cr, 2021 WL 3354737, at *4 n.6 (2d Cir. Aug. 3, 2021) (holding that the district court "did not violate the rule set forth in *Alleyne*" by imposing a 10-year sentence for violations of 18 U.S.C. § 924(c)(1)(A)(i), under which the maximum penalty is life, because "the district court fully understood that the applicable mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(i) was five years, and acted within its permissible discretion when it chose to sentence Taylor to ten years' imprisonment based on his guilty plea to Section 924(c)(1)(A)(i)."); *see also United States v. Morgan*, 572 F. App'x 292, 300 (6th Cir. 2014) ("The statutory maximum permitted under § 924(c) is a life sentence.").

The sentencing court considered Davis's extensive criminal history, repeated drug trafficking, including fentanyl, the multiple high-powered weapons found at his house upon his arrest, and his decision to

manipulate his younger co-defendants as contributing to the 10-year sentence on Count Three. ECF No. 154, PageID.1061–66. *See Alleyne*, 570 U.S. at 116 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."); *see also Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute") (emphasis in original). Further, Davis's 300-month sentence is within the district court's calculation of the guideline range of 262–327 months. Thus, Davis's purported amended claims will be dismissed for the additional reason that they lack merit, and amendment would be futile. *See United States v. Moss*, 323 F.3d 445, 476 (6th Cir. 2003) (denying leave to amend § 2255 motion because proposed amendment was futile).

For all these reasons, Davis's motion for leave to amend his § 2255 motion will be **DENIED**.

### D. Motion for Sentence Reduction

Finally, on January 8, 2026, Davis filed a Motion for Sentence Reduction. ECF No. 184. Davis argues that, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the federal Sentencing Guidelines, (1) his criminal history category should be reduced from VI to III, and

(2) he should have received two leadership points, instead of four, because his criminal activity involved less than five participants. *Id.* The Government responds that Davis's motion should be dismissed because his arguments are without merit. ECF No. 187.

As discussed *supra*, although a federal court ordinarily may not "modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c)(2), this "rule of finality" is subject to an exception if a defendant was sentenced to prison based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *Freeman v. United States*, 564 U.S. 522, 526–27 (2011); U.S.S.G. § 1B1.10. After Davis's sentencing, the United States Sentencing Commission issued Sentencing Guidelines Amendment 821, which has an effective date of February 1, 2024, and applies retroactively. Part A of Amendment 821, which now appears in the sentencing guidelines at §4A1.1(e), limits the criminal history impact of "status points." *See* U.S.S.G. § 4A1.1(e). Under the Guidelines in effect at the time of Davis's sentencing, § 4A1.1(d) required the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, or supervised release. Amendment 821 moved the relevant provision to § 4A1.1(e) and reduced the criminal history points from two to one or zero, depending on how many criminal history points the defendant scored under subsections (a) through (d). Now, a defendant with seven or more criminal history points and who

committed the instant offense while under any criminal justice sentence receives one additional "status point" under § 4A1.1. Defendants with six or less criminal history points who are under a criminal justice sentence when they commit the instant offense receive no additional points.

In this case, the Probation Department assessed three levels for Davis's 2004 conviction for delivering a controlled substance, and three levels for his 2007 conviction for delivering a controlled substance. Presentence Investigation Report ("PSR") §§ 51, 55, ECF No. 139 (Sealed). This totaled six criminal history points—not "status points." But in any event, even if Davis did receive "status points," at the time of sentencing he was adjudged to be a "career offender," which results in the automatic placement into criminal history category VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").[3] Thus, the amended guidelines concerning status points *would have no effect* on the calculation of his sentence, and Davis is ineligible for a sentence

---

[3] A defendant qualifies as a career offender if (1) he was 18 years or older at the time he committed the offense for which he is being sentenced; (2) the offense for which he is being sentenced is a felony that is either a crime of violence or a controlled substance violation; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Davis satisfies each of these elements as (1) he was in his forties when he committed the instant offense; (2) the offense for which he was sentenced was a felony that is a controlled substance offense; and (3) the PSR details two prior felony convictions for controlled substance offenses.

modification under 18 U.S.C. § 3582(c)(2). *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender") (citation omitted); *United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guideline range) (citation omitted).

Davis also complains that because his charged offense involved less than five participants, he should have received a two-level increase under USSG § 3B1.1, instead of four. ECF No. 184, PageID.1229–30. Davis asserts that there were only three co-defendants charged in his case, not five. *Id.* The Probation Department assessed four levels for Davis's leadership role in the offense under USSG § 3B1.1(a), stating that "[t]he conspiracy involved five individuals (including the defendant), [and] took place over several years, in Michigan and West Virginia." PSR ¶ 34. That Sentencing Guideline provides: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels." U.S.S.G. § 3B1.1(a).

The Court finds that Davis's leadership role was properly scored, and that, in any event, as discussed above, his guidelines were driven by his career offender designation. Davis led the "Tuffteam" drug trafficking

organization that operated in Michigan and West Virginia. This organization involved Davis and his co-defendants, Dylan Davis, Malik Golden, and Kainan Reed, as well as "some unindicted individuals in both locations," and organized the movement of narcotics, proceeds, and weapons between the two states using commercial bus lines and rental cars." PSR ¶¶ 13–23. For every $10,000 generated by the "Tuffteam," Davis, as the leader, received approximately 80% in profits. *Id.* "A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted," and "in assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered." U.S.S.G. § 3B1.1 Application Notes 1, 3; *see also United States v. Anthony,* 280 F.3d 694, 699 (6th Cir. 2002) ("A conspiracy is 'otherwise extensive' when 'the combination of knowing participants and non-participants in the offense is the functional equivalent of an activity involving five criminally responsible participants.'"). This organization thus involved at least five participants, including Davis, with Davis as the leader, and was "otherwise extensive."

Moreover, while the four-level assessment resulted in an adjusted offense level of 36, Davis's offense level as a career offender is 37, even without that four-level adjustment, because the statutory maximum term of imprisonment is life on Count One. PSR ¶ 40. Thus, the points for Davis as a career offender controlled. The Court further notes that

Davis did not object to the four-level increase in his role in the offense at sentencing, and he did not file an appeal on this issue.

Finally, considering the 18 U.S.C. § 3553(a) factors, as noted, Davis was convicted as a career offender, which enhanced his sentence based on his repeated criminal conduct involving controlled substances. The offense involved a multi-state conspiracy involving a number of different controlled substances, including fentanyl. It also involved a large number of firearms, including a machine gun conversion device and a machine gun. The nature and circumstances of the offense therefore showed a high degree of danger to the community. Any reduction of his sentence would undermine the need for specific deterrence and unduly depreciate the seriousness of his offenses. The Court concludes that Davis's original sentence of 25 years was significant, but not greater than necessary to achieve the objectives contemplated by § 3553(a). A sentence reduction would not adequately reflect the statutory purposes of sentencing or avoid unwarranted sentencing disparities.

Accordingly, for all of these reasons, Davis's motion to reduce his sentence will be **DENIED**.

### E. The Court Denies a Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue

or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not be issued. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Supreme Court has provided that, to demonstrate entitlement to a certificate of appealability pursuant to § 2255, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDanial*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not find it debatable whether Davis's § 2255 Motion should have been resolved in a different manner, nor would jurists of reason debate whether his claims were adequate to deserve encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons stated above, the Court **ORDERS** that Davis's Motions for Appointment of Counsel, ECF Nos. 157, 186, are **DENIED.**

26

The Court **FURTHER ORDERS** that Davis's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 160, is **DENIED**.

The Court **FURTHER ORDERS** that Davis's Motion for Leave to Amend His 28 U.S.C. § 2255 Motion, ECF No. 171, is **DENIED**.

The Court **FURTHER ORDERS** that Davis's Motion for Sentence Reduction, ECF No. 184, is **DENIED**.

Finally, the Court **DENIES** Davis a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 30, 2026          /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

27